**Winfred WHITE, Plaintiff–Appellant,**

**v.**

**Zbigniew TYSZKIEWICZ, et al.,**
**Defendants–Appellees.**

**No. 00–2102.**

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

Winfred White, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White filed his complaint against two Michigan Department of Corrections ("MDOC") prison officials (Zbigniew Tysz-

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

kiewicz and James Craigie) and the director of the MDOC (Kenneth McGinnis). White's claim is that he slipped and fell on ice at Camp Leham in Grayling, Michigan for which the defendants are liable in negligence. White's claim was dismissed pursuant to 28 U.S.C. § 1915A(b)(2) for failure to state a claim on which relief may be granted. Reconsideration was denied. This timely appeal followed.

This court reviews de novo an order dismissing a complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(2). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Section 1915A requires district courts to screen cases at the moment of filing and to dismiss sua sponte those that fail to state a claim for relief. *See id.* at 612. In determining whether White's complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether White undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998).

Upon review, we conclude that White's complaint was properly dismissed for failure to state a claim, as the allegations in the complaint were insufficient to entitle plaintiff to relief. White's complaint at most alleged that the defendants were negligent in their duty to protect him from such hazardous conditions, which is insufficient to state a claim under the Eighth Amendment. *See Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Durham v. Nu'Man,* 97 F.3d 862, 868–69 (6th Cir.1996).

Finally, the district court was not required to permit White to amend his complaint in order to avoid dismissal. *See McGore,* 114 F.3d at 608–09; 28 U.S.C. § 1915(e)(2).

Accordingly, the dismissal of the complaint is affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.